# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| DONNA WETHERELL and ROBIN WETHERELL, Individually and as Class Action Representatives, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | CIVIL NO. 07-696-MJR |
| CLIMATEMASTER, INC., | ) ) ) | |
| Defendant. | ) | |

## ORDER

**PROUD, Magistrate Judge:**

Non-party Enertech is before the Court seeking to quash a subpoena propounded by plaintiffs Donna and Robin Wetherell. **(Docs. 74 and 75).** Also before the Court is plaintiffs' response in opposition **(Doc. 76)**, to which Enertech filed a reply **(Doc. 77)**.

The subpoena commanded Enertech to produce documents by April 229, 2009, and appear for deposition on May 6, 2009. The subject motion to quash was filed at 2:00 p.m. on May 5, 2009– after document production was due and on the eve of the deposition. The deposition aspect of the subpoena is not specifically addressed, but the Court appreciates that the plaintiffs' focus is the requested documents, and the deposition would likely be used to discuss those documents. The subpoena was propounded on or about April 13, 2009, so the motion to quash certainly could have been filed at an earlier date. In any event, the Court will consider the motion, because plaintiffs have not opted to make the timeliness an issue.

The subpoena seeks the following, limited in time to 1995 to the present:

1

1. Communications regarding air coils and related failures of Climate Master Units;

2. Documents, data and information collected and maintained regarding reported air coil failures and related problems in ClimateMaster Units;

3. The identity of dealers who purchased Climate Master Geotherman Units;

4. The identity of customers and/or purchasers who purchased Climate-Master Geotherman Units; and

5. Air coil corrosion in geothermal units.

Enertech makes the following objections:

1. Plaintiffs failed to tender the $40.00 witness fee;

2. Enertech would be required to disclose confidential business practices and customer information to a chief competitor (ClimateMaster); and

3. Compliance would impose an undue burden, in terms of time and expense, on a non-party, in a situation where there is not a substantial need.

Enertech supports its position with the affidavit of co-owner and corporate secretary Karen Smith, which indicates Enertech's customer lists are confidential and proprietary information available only to company officers, and a document search would take months.

From plaintiffs' perspective, Enertech has not met its burden. Plaintiffs' counter-arguments are:

1. The witness fee has now been paid;

2. Enertech's argument regarding confidentiality is made in bad faith, in that Enertech has stated that all of the information responsive to the subpoena is available from ClimateMaster;

3. The Court previously declined to protect ClimateMaster's customer list;

4. The documents sought are not trade secrets, as they are admittedly in the possession of ClimateMaster, which was formerly in a coperative business arrangement with Enertech;

5. The document request is narrowly tailored and Enertech has already complied with 30 of 36 document requests submitted by ClimateMaster, yet Enertech has not even attempted to comply with the subject subpoena; and

6. The documents are not duplicative of ClimateMaster's corporate documents, but are documents generated by Enertech and/or its customers.

Plaintiffs provide a copy of a letter from Enertech to ClimateMaster regarding Enertech's responses to ClimateMaster's subpoena duces tecum. The specific document requests are not provided or described in any detail, but the letter indicates that documents responsive to 30 of 36 requests were being provided, but six requests were objected to. The objections were similar to the objections asserted relative to the subpoena now at issue. **(Doc. 76, Exhibit B).**

The witness fee has now been paid, so that is no longer a basis for quashing the subpoena.

Federal Rule of Civil Procedure 45(c)(1) requires the <u>proponent</u> of a subpoena to take reasonable steps to ensure that the subpoena does not impose an undue burden and/or expense. Non-parties, in particular, are generally protected from undue burden and expense, particularly if the burden likely outweighs the benefit of compelling compliance with a discovery request. *See* **Fed.R.Civ.P. 26(b)(2); Fed.R.Civ.P. 45(c); and Advisory Committee Notes, 1991 Amendments to Fed.R.Civ.P. 45(c).** Enertech is not a party to this litigation, and document categories 1, 2 and 5 of plaintiffs' subpoena, as worded, are far broader than plaintiffs appear

3

willing to acknowledge. Although Enertech has not begun searching its records, in light of the broadly worded requests, the affidavit of co-owner and corporate secretary Karen Smith, estimating the search could take months, seems entirely reasonable. The proposed search would be quite a burden on a small business, as Ms. Smith has indicated that this is not merely a matter of running a single computerized search.

Insofar as the plaintiffs argue that Enertech has already complied with 30 of 36 document requests submitted by ClimateMaster, no meaningful assessment of that comparison is possible without knowing what specific requests were made by ClimateMaster. Plaintiffs ignore that Enertech asserted essentially the same objections to some of ClimateMaster's requests. There does not appear to be any dispute that plaintiff may gain access to the same materials turned over to ClimateMaster; therefore, there is no bad faith on the part of Enertech, as plaintiffs assert. That also means plaintiffs have access to at least some of the documents requested.

Plaintiffs argue that the requests are not duplicative because, in addition to Enertech's correspondence with ClimateMaster, they need to explore Enertech's "own documentation and correspondence relating to coil failures in ClimateMaster's units and the experiences its customers had with coil failures." **(Doc. 76, p. 5).** This argument is not well taken, in that any additional information would appear to be tangential and relate more to what the non-party knew, as opposed to what ClimateMaster knew about the units at issue. The plaintiffs' need for the broader range of documents and information sought in categories 1, 2 and 5 is easily outweighed by the burden to Enertech.

Document categories 3 and 4 of plaintiffs' subpoena are aimed at Enertech's dealer/customer/purchaser lists, which is certainly "proprietary" information. According to Ms. Smith's affidavit, that information is carefully guarded by Enertech, and the customer list is only

4

available to its officers.  The Court previously offered no protection to ClimateMaster's documents "substantially revealing" its customers, suppliers and distributors, and information and research regarding marketing and product trends.  However, Enertech's situation must be analyzed on its own merits.

The Illinois Trade Secrets Act defines a trade secret as "information, including but not limited to, technical or non-technical data, a formula, pattern, compilation, program, device, method, technique, drawing, process, financial data, or list of actual or potential customers or suppliers, that: (1) is sufficiently secret to derive economic value, actual or potential, from not being generally known to other persons who can obtain economic value from its disclosure or use; and (2) is the subject of efforts that are reasonable under the circumstances to maintain its secrecy or confidentiality." **765 ILCS 1065/2(d).**  Although not controlling in this situation, the Act provides a reasonable and workable starting point for analysis.

Enertech is not a party and that fact consistently gives the Court pause.  Enertech promotes sales of geothermal units to a dealer network, and has distributed ClimateMaster products.  Enertech purchased two other product lines in 2007– GeoComfort and Hydron– and now distributes those geothermal units.  Therefore, Enertech's relationship with and to ClimateMaster has materially changed; they are now competitors.  With that in mind, document categories 3 and 4 are limited to dealers/customers and purchasers of ClimateMaster Products.  Therefore, Enertech need not necessarily reveal its full and/or current lists of dealers, customers and purchasers.  In any event, relative to dealers, one need only go to GeoComfort and Hydron's websites to see their list of dealers, so dealer information sought in document category 3 is not

worthy of protection. Therefore, Enertech must provide a list of dealers that purchased ClimateMaster geothermal units, as requested in category 3.

According to Ms. Smith's affidavit, Enertech's customer list is only available to corporate officers. Enertech's reply stresses that ClimateMaster is <u>not</u> privy to the list, despite their former relationship. Although the Court appreciates why Enertech would derive some economic benefit from keeping its customer list from ClimateMaster, because of its former role as a distributor of ClimateMaster products, it knows the identity of the very customers who are potential members of any class for purposes of this action. Therefore, the need for the list outweighs Enertech's interest in keeping that list confidential. With that said, at this juncture, discovery is limited to class certification issues. The class has not been certified, so the specific identity of those who purchased ClimateMaster products is not needed at this juncture. The numerosity aspect of class certification can surely be addressed by reference to the number of units sold. Therefore, Enertech need not provide its customer/purchaser list at this time.

Insofar as plaintiffs also seek to depose Enertech, no objection to the deposition itself has been lodged. Therefore, plaintiff may depose Enertech at a mutually convenient time, but that deposition will be limited to a discussion of the dealer list.

**IT IS THEREFORE ORDERED** that, for the aforestated reasons, Enertech's motion to quash the subpoena issued by the plaintiffs **(Doc. 74)** is **GRANTED IN PART AND DENIED IN PART**, as detailed above. The subpoena is quashed relative to categories 1, 2, 3 and 5 (and all subparts). On or before **June 5, 2009**, Enertech shall supply plaintiffs with the identities of dealers who purchased ClimateMaster geothermal units from Enertech. If plaintiffs still desire to depose Enertech regarding the dealer list, they should do so at a mutually convenient time.

**IT IS SO ORDERED.**

**DATED: May 26, 2009**             **s/ Clifford J. Proud**
                                                     **CLIFFORD J. PROUD**
                                                     **U. S. MAGISTRATE JUDGE**